IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES DSCHAAK.

                Plaintiff,                        No. CV-10-1010-PK

     v.

MICHAEL J. ASTRUE,                    ORDER
Commissioner of Social Security,

                Defendant.

HERNANDEZ, District Judge:

      Magistrate Judge Papak issued a Findings and Recommendation (#16) on August 15, 2011, in which he recommends the Court reverse the Commissioner's decision to deny plaintiff Disability Insurance Benefits and Supplemental Security Income, and remand the case to the Commissioner for further proceedings.

      Defendant timely filed objections to the Findings and Recommendation. The matter is

1 - ORDER

now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Defendant objects to Magistrate Judge Papak's conclusions that the Administrative Law Judge (ALJ) failed to develop the record regarding a possible cognitive impairment, that the ALJ erroneously rejected plaintiff's subjective testimony, and that the ALJ's hypothetical at step five did not account for all of plaintiff's limitations.

I have carefully considered defendant's objections and conclude that the objections do not provide a basis to modify the Findings and Recommendation. Magistrate Judge Papak carefully and thoroughly explained why the ALJ should have further developed the record in regard to the cognitive impairment. F&R at pp. 31-34. He noted that there were multiple references to a "rule out cognitive disorder" impairment, that plaintiff had a history of head trauma, and that two practitioners had recommended additional testing. Given the distinction that Magistrate Judge Papak noted between the learning disorder that the ALJ recognized as a severe impairment, and a cognitive disorder, the F&R correctly concluded that the ALJ should have developed the record in the regard to the <u>cognitive</u> disorder and that the ALJ's error was not harmless.

Magistrate Judge Papak also carefully and thoroughly discussed why the ALJ's reasons for discrediting plaintiff's testimony were not clear and convincing. F&R at pp. 39-52. As he noted, the ALJ overstated the nature and extent of plaintiff's activities of daily living and failed to credit plaintiff's indigence as a basis for his lack of treatment and medication at certain times.

2 - ORDER

Furthermore, once these other bases for the ALJ's decision were discarded as erroneous, the ALJ's credibility determination could not rely solely on conflicts with the medical evidence. F&R at pp. 48-52.  Finally, as a result of these errors, the hypothetical given to the vocational expert (VE) did not account for plaintiff's limitations and thus, the VE's testimony is not substantial evidence.

I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings and Recommendation (#16) and, therefore, the Commissioner's decision is reversed and the case remanded for further proceedings.

IT IS SO ORDERED.

DATED this   27th   day of   September  , 2011.


 /s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

3 - ORDER